THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THOMAS JOSEPH GEORGE, Appellant.— Appeal by defendant from a judgment of the County Court, Suffolk County, rendered July 5, 1973, convicting him of attempted burglary in the third degree, upon his guilty plea, and imposing sentence. Judgment affirmed. No opinion. Cohalan, Acting P. J., Brennan, Munder and Shapiro, JJ., concur; Benjamin, J., dissents and votes to reverse the judgment and remand the case to the County Court to afford defendant the opportunity to withdraw his guilty plea, with the following memorandum: Defendant pled guilty to the crime of attempted burglary in the third degree. At the time of the guilty pleading the trial court said the following: "Other than a sentence stipulation by this Court to sentence you to a maximum sentence of incarceration, to an indeterminate sentence having a maximum term of three years; I understand that you may well be adjudicated as an addict. However, it's strictly understood, that it will be entirely within my discretion as to whether or not I will sentence you to the three year indeterminate sentence or to the NACC, and this is all provided I feel I am able to do so after examination of your pre-sentence report. If I feel I'm unable to do so, I will give you the opportunity to withdraw your plea." Defendant, without being given the opportunity to withdraw his plea, was sentenced to an indeterminate term of imprisonment not to exceed three years. In my opinion this was error. The only fair and reasonable interpretation of the above-quoted promise was that, if the trial court were unable to sentence defendant to the Narcotic Addiction Control Center, NACC, it would afford him the opportunity to either withdraw his guilty plea or to accept the sentence. Defendant should now be given such an opportunity.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CURTIS JONES, JR., Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered December 12, 1972, convicting him of criminal possession of a dangerous drug in the sixth degree, upon his guilty plea, and imposing sentence. The appeal also brings up for review an order of the same court, dated October 3, 1972, which denied a suppression motion, after a hearing. Judgment and order reversed, on the law and the facts, motion to suppress evidence granted, and indictment dismissed. As in *People* v. *Turner* (45 A D 2d 749), the credible evidence did not support the finding that the contraband was in open view. Thus, there was no probable cause for defendant's arrest. The evidence seized in the subsequent warrantless search should therefore have been suppressed. Martuscello, Acting P. J., Cohalan, Christ, Brennan and Benjamin, JJ., concur.